# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | CASE NO. 1:10-cv-01048-LJO-SKO PC |
| Plaintiff, | ORDER PERMITTING PLAINTIFF TO PROCEED IN FORMA PAUPERIS PURSUANT TO IMMINENT DANGER EXCEPTION, DISMISSING ALL CLAIMS FROM ACTION OTHER THAN DENTAL CARE CLAIM, AND DISMISSING DENTAL CARE CLAIM WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| DAVID TRISTAN, et al., | |
| Defendants. | |
| | (Doc. 7) |
| | THIRTY-DAY DEADLINE |
| _____/ | |

## Screening Order

### I. Eligibility to Proceed In Forma Pauperis

Plaintiff Gregorio C. Funtanilla, Jr., a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 9, 2010. Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.[1] On June 16, 2010, the Court denied Plaintiff leave to proceed in forma pauperis in this action, finding that he did not meet the imminent danger exception. Plaintiff sought reconsideration and in relevant part argued that paragraph 39 of his complaint

---

[1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

satisfied the imminent danger exception. On July 13, 2010, the Court denied Plaintiff's motion for reconsideration as to that argument, stating that Plaintiff's allegations regarding arthritis and his inability to do the exercises recommended by the doctor due to his cell size did not satisfy the imminent danger exception.

Undeterred, Plaintiff filed an amended complaint as a matter of right on July 30, 2010, Fed. R. Civ. P. 15(a), and added a new claim that he is suffering from dental care needs so severe that he is in danger of losing his jaw due to infection.[2] Based on the inclusion of this new claim, the Court will permit Plaintiff to proceed in forma pauperis in this action. However, for the reasons set forth below, Plaintiff's other claims, which are unrelated to his dental care claim, are dismissed as improperly joined.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[2] Paragraphs 17 through 39, entitled Statement of Claims, are identical in both complaints. The amended complaint differs in the addition of (1) paragraphs 43 through 67, in which Plaintiff adds new claims and delineates ten causes of action, and (2) a one-page, typewritten attachment in which Plaintiff sets forth his dental care issues and states that he is in imminent danger of serious physical injury as a result of those issues. The Court takes judicial notice of the fact that in an effort to meet the imminent danger exception in other cases, Plaintiff included the same attachment in case numbers 1:10-cv-01433-MJS Funtanilla v. Thomas, 1:10-cv-01624-DLB Funtanilla v. Williams, and 1:10-cv-01832-LJO-GBC Funtanilla v. Vella. In cases involving duplicative claims, the earlier-filed case proceeds and on that ground, Plaintiff's dental care claim was dismissed from Thomas, Williams, and Vella, rendering him ineligible to proceed in forma pauperis in those actions.

1  do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell
2  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required
3  to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.
4  2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,
5  legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

6       Under section 1983, Plaintiff must demonstrate that each defendant personally participated
7  in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th
8  Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim
9  for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
10 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal,
11 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

12 **III.     Plaintiff's Claims**
13     **A.     Denial of Adequate Dental Care**
14         **1.     Allegations**

15      Plaintiff alleges that he is in need of immediate dental care, but he is being denied treatment
16 based on the purported lack of dental staff and a lengthy waiting list.  Plaintiff alleges that Dr.
17 Young, a dentist, has extracted three teeth already, but Plaintiff is being denied dentures and his
18 gums bleed when he eats.  Plaintiff needs two more teeth extracted.  One tooth is broken in half,
19 causing it to wiggle and exposing the nerves on both sides.  The other tooth has no crown and the
20 nerve is also exposed.

21      Plaintiff alleges that bacteria runs down his gum, clogging it and causing it to puff up and
22 become inflamed.  A pocket of pus forms and pus oozes into Plaintiff's mouth, causing him great
23 pain.  Plaintiff alleges that he now has gum disease and he will soon lose his jaw.  Plaintiff also
24 alleges that he is losing weight because he trades food for pain medication.

25         **2.     Discussion**
26      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
27 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452
28 U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise

to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Plaintiff's allegations are sufficient to demonstrate that he has a serious medical need. However, Plaintiff has not alleged sufficient facts to support a claim against Dr. Young for knowingly disregarding a substantial risk of harm to Plaintiff's health. Plaintiff's allegations must be adequate to support a plausible claim for relief against Dr. Young, which requires a showing of more than the mere possibility of misconduct. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff will be permitted the opportunity to file a second amended complaint curing the deficiencies in his Eighth Amendment dental care claim. In amending, Plaintiff is cautioned that his mere disagreement with a prison physician or dentist's course of treatment will not support a claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

**B.     Other Claims**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Assuming he is able to cure the deficiencies identified in the preceding subsection, this action shall proceed on Plaintiff's Eighth Amendment dental care claim. Plaintiff's claims that Defendants Tristan, Bloxom, Walker, Marshall, Yamamoto, Galaza, Means, Gonzales, Atkinson, Vella, Means, Yates, Brown, Hanse, Medrano, Thomas, Martinez, Buckley, Streeter, Salinas, and Castillo violated his right to due process in four disciplinary proceedings, failed to protect him, denied him access to the courts, retaliated against him, retained him in the Security Housing Unit without due process, denied him adequate outdoor exercise, and delayed his ability to obtain his medication for seizures, pain, and psychiatric needs are not related to his dental care claim

///

and those claims are dismissed from this action, without prejudice, as improperly joined.  Fed. R. Civ. P. 18(a); <u>Owens</u>, 635 F.3d at 952; <u>George</u>, 507 F.3d at 607.

### IV.     Conclusion and Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff shall be permitted to proceed in forma pauperis in this action pursuant to the imminent danger exception;

2. Plaintiff's claims other than his Eighth Amendment dental care claim are dismissed from this action, without prejudice but without leave to amend;

3. Plaintiff's dental care claim is dismissed, with leave to amend, for failure to state a claim;

4. The Clerk's Office shall send Plaintiff a complaint form and within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies in his Eighth Amendment dental care claim; and

5. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    June 2, 2011**                          /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE